IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW T. MILLHOUSE, JR., | ) | CASE NO. 1:07CV760 |
| | ) | 1:96CR294 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | MEMORANDUM OPINION & |
| Respondent. | ) | ORDER |

This matter is before the Court upon Petitioner, Matthew T. Millhouse, Jr.'s, *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Case No. 1:07CV760, Dkt. #1; Case No. 1:96CR294, Dkt. # 298). Also before the Court is the Government's "Motion to Dismiss Petitioner's Application for Habeas Corpus Relief."(Case No. 1:96CR294, Dkt. #s 300), and Petitioner's reply. (Case No. 1:96CR294, Dkt. # 306).[1] For the reasons set forth below, Petitioner's motion is **DISMISSED.**

I. **FACTUAL BACKGROUND**

A federal jury found Petitioner guilty of two counts of money laundering in violation of Title 18 U.S.C. § 1956(h). On February 19, 1999, this Court sentenced Petitioner to, *inter*

---

[1] Petitioner has also filed a "Request for Entry of Default," a "Declaration for Immediate Release Upon Personal Recognizance Based Upon the Eighth Amendment of the U.S. Constitution," a "Motion to Request 'Judicial Notice' in the Nature of the Federal Rules of Civil Procedure," and a "Request for Entry of Default Judgment." (Case No. 1:96CR294, Dkt. #s 304, 305, 307 and 308). However, as discussed infra, none of these filings are properly before the Court at this time.

-1-

*alia*, twenty years imprisonment. Petitioner appealed this conviction to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit dismissed Petitioner's appeal for want of prosecution on May 26, 1999.

On March 15, 2007, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Government, in its motion to dismiss, argues that Petitioner's motion is time-barred by the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. ANALYSIS

Section 2255, ¶ 6, provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of du diligence.

28 U.S.C. § 2255 (2006). The one-year limitation period is a statute of limitations. See Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Generally, the operative date from which the limitations period begins to run is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1); See Dodd v. United States, 545 U.S. 353 (2005).

"The conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final, for the purposes of 28 U.S.C. § 2255, 'upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.'" Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005)(citing Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir.2004). As Petitioner did not file a petition for a writ of certiorari, his conviction became final 90 days following the Sixth Circuit's order dismissing his appeal. Therefore, Petitioner's conviction became final, for § 2255 purposes, on June 24, 1999. He had one

year, or until June 26, 2000, to file a motion under § 2255.[2] Petitioner did not file the present § 2255 petition until March 15, 2007. As Petitioner did not file within that one year period, his petition must be denied.

The Sixth Circuit has noted, however, that "because there is a rebuttable presumption that equitable tolling applies to statutes of limitation and there is no indication that Congress did not intend for equitable tolling to apply to the limitations period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling." Dunlap, 250 F.3d at 1004. The five factors to consider when determining the appropriateness of equitably tolling a statute of limitations are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. See Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988); see also Dunlap, 250 F.3d at 1009-10.

Petitioner waited over eight years before filing a motion under § 2255. He offers no argument to persuade this Court that he diligently pursued his rights so as to toll the one-year statutory period. Accordingly, equitable tolling in such circumstances is not appropriate.

Consequently, pursuant to the AEDPA, Petitioner's conviction became final on June 24, 1999. Petitioner had one year, or until June 26, 2000, to file a motion under § 2255. As Petitioner did not file within that one year period, he is time-barred from filing the present

---

[2] June 24, 2000 fell on a Saturday, thus giving Petitioner until the following Monday, June 26, 2000, within which to file a motion pursuant to § 2255.

motion. Thus, the Court is without jurisdiction to review the merits of the instant petition.

## IV. CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

>**/s/ Peter C. Economus - June 5, 2007**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**